UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BASSAM AWAD,                )
                            )
       Plaintiff,   )
v.                          )     CIVIL ACTION
                            )     NO. 17-10994-JGD
FIRST TOWER FUNDING, LLC    )
and FRED LEVITAN,           )
                            )
       Defendants.  )

# MEMORANDUM OF DECISION AND ORDER ON DEFENDANTS' MOTION TO DISMISS

June 8, 2018

DEIN, U.S.M.J.

## I. INTRODUCTION

The *pro se* plaintiff, Bassam Awad, claims that he was discriminated against in housing because of his perceived national origin (he identifies as Egyptian, but believes the defendants thought he was Lebanese or Palestinian) and religion (Christian Coptic Orthodox). The residence in question is an apartment he rents with his fiancé. Awad brought suit against First Tower Funding LLC (the company that manages the building) and Fred Levitan (the company's agent).[1] The crux of the complaint is that Awad's fiancé was on the lease for the apartment, the defendants allegedly refused to add Awad to the lease for discriminatory reasons, and the defendants wrongfully refused to renew the lease and threatened Awad's fiancé with eviction

---

[1] On or about October 4, 2017, Awad purported to add Carabetta Management Co., Inc. as a defendant. Docket No. 5. However, he made no allegations against Carabetta, and no summons was issued for that entity. See Docket No. 9 at ¶ 5.

for having an unauthorized male occupant (Awad) living in the apartment. Awad contends that this was due to marital status discrimination. In his complaint, Awad lists diversity of citizenship as the basis for federal court jurisdiction, and does not identify any federal statute, federal treaty and/or provision of the United States Constitution as being at issue in this case. See Docket No. 1 at § II. Nevertheless, he alleges a violation of various state and federal housing and discrimination laws. See Docket No. 1-1.

On March 8, 2018, the defendants filed a Motion to Dismiss the complaint in its entirety, pursuant to Fed. R. Civ. P. 12(b)(1)(3)(4)(5) & (6) & 12(h)(3). Docket No. 17. The defendants contend that this court lacks jurisdiction as there is no diversity between the parties, and that dismissal is warranted due to a prior pending action, insufficient service of process, failure to state a claim upon which relief can be granted, and collateral estoppel. Id. The plaintiff failed to file an Opposition to the motion to dismiss, which was due on March 22, 2018. The court, *sua sponte*, issued an order extending the time for the plaintiff to respond to April 23, 2018. Docket No. 20. No response was filed by the plaintiff.

On May 11, 2018 this court ordered First Tower Funding LLC to notify the court by way of affidavit if any of its members is a resident of Massachusetts so as to defeat diversity jurisdiction. Docket No. 21. On May 24, 2018, Evelyn Carabetta filed an affidavit, attesting to the fact that she is a member of the LLC and a resident of Massachusetts. Docket No. 22.

After consideration of all the arguments, the defendants' motion to dismiss is ALLOWED.

## II. ANALYSIS

### A. This Court Lacks Diversity Jurisdiction

To the extent that the plaintiff relies on diversity jurisdiction as a basis for this court's jurisdiction, this case must be dismissed as there is no diversity between the plaintiff and the defendants. Pursuant to 28 U.S.C. § 1332(a):

> district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between –
>
> (1) citizens of different States[.]

With respect to an LLC, its citizenship is determined by the citizenship of its members. Lincoln Benefit Life Co. v. AEI Life, LLC, 800 F.3d 99, 105 (3d Cir. 2015). "[T]he burden of proof is on the plaintiff to support allegations of jurisdiction with competent proof when the allegations are challenged by the defendant." O'Toole v. Arlington Tr. Co., 681 F.2d 94, 98 (1st Cir. 1982).

By his complaint, the plaintiff has alleged that he is a resident of Massachusetts. The affidavit of Ms. Carabetta establishes that the LLC defendant is also a resident of Massachusetts. Docket No. 22. The defendant Fred Levitan has also filed an affidavit attesting to the fact that he is a resident of Massachusetts. Docket No. 17 at Ex. N. There is no diversity jurisdiction in this court.

### B. This Action is Barred by the Doctrine of Collateral Estoppel

As detailed more fully in the defendants' memorandum (Docket No. 17), Awad had the opportunity to fully litigate the issues he is attempting to present here. Thus, First Tower Funding, LLC initiated an eviction action against Awad in the Chelsea District Court, which reached its conclusion. In his answer to the eviction complaint, Awad counterclaimed with an

allegation of discrimination based on race, ethnic origin and marital status. Docket No. 17 at Ex. E. Ultimately Awad and his fiancé were defaulted as they failed to appear for a jury trial. Id. at Ex. C. As the defendants explain:

> It would be patently unfair for the Plaintiff to be able to reassert claims of discrimination that he already alleged in the Answer to the eviction case and were also asserted at MCAD. Importantly, Mr. Awad, as a litigant in the eviction case was actively participating in the adversarial litigation process. He engaged in a number of pretrial procedures, including discovery motions, motions for reconsideration, as well as an appeal of the underlying default.
>
> It would be incredulous to allow Mr. Awad to proceed through virtually all stages of litigation in the summary process action, including dispositive motions on his counterclaim of retaliation, completion of discovery, scheduling of a jury trial, subsequent default on that jury trial date, a status hearing upon which Awad failed to appear, numerous motions to stay the issuance of the execution, appeals to the Appeals Court and Supreme Judicial Court including emergency stays, and the filing of a Temporary Restraining Order in the Eastern Housing Court to stop the use of the execution, and to thereafter allow Plaintiff to litigate his assertions in a subsequent action.

Docket No. 17 at 7-8. This court agrees that this is one of those rare cases where the doctrine of collateral estoppel bars the relitigation of issues that were concluded by default. As the court held in Treglia v. MacDonald, 430 Mass. 237, 717 N.E.2d 249 (1999):

> [E]ven in the case of a judgment entered by default, there may be some circumstances in which an issue may be given preclusive effect in subsequent litigation between the same parties. We can, for example, envision circumstances in which a litigant may so utilize our court system in pretrial procedures, but nonetheless be defaulted for some reason, that the principle and rationale behind collateral estoppel would apply. See, e.g., *Matter of Gober,* 100 F.3d 1195 (5th Cir.1996) (holding that default judgment based on failure to answer does not support issue preclusion but where default issued as discovery sanction against defendant debtor after two years of litigation in which defendant had answered and denied all allegations of complaint, collateral estoppel applied); *In re Bush,* 62 F.3d 1319, 1324 (11th Cir.1995) (applying collateral estoppel effect to prior default judgment against debtor based on fraud, where debtor "actively

participated" in adversary process for almost one year through filing
answer, counterclaim, and discovery requests).

Id. at 242-43, 717 N.E.2d at 254.

For all these reasons, the motion to dismiss is allowed. The court declines to reach the other grounds raised by the defendants.

### III. CONCLUSION

For the reasons detailed herein, the "Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)(3)(4)(5) & (6) & 12(h)(3)" (Docket No. 17) is ALLOWED.

/ s / Judith Gail Dein
Judith Gail Dein
United States Magistrate Judge